1  SEYFARTH SHAW LLP
   Mark P. Grajski (SBN 178050)
2  mgrajski@seyfarth.com
   Anthony J. Musante (SBN 252097)
3  amusante@seyfarth.com
   400 Capitol Mall, Suite 2350
4  Sacramento, California  95814-4428
   Telephone:    (916) 448-0159
5  Facsimile:    (916) 558-4839

6  Attorneys for Defendants
   HEWLETT PACKARD COMPANY AND
7  MARGO WATSON

8

                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11

CATHY JONES-RILEY, an individual, ,          Case No. 2:13-cv-00125-GEB-EFB
12
             Plaintiff,                       **DEFENDANT MARGO WATSON'S
13                                            ANSWER**

14       v.

HEWLETT PACKARD COMPANY, a
15  Corporation; MARGO WATSON, an individual;
    and DOES 1 through 20, inclusive,
16
             Defendants.
17

18

19       Defendant Margo Watson ("Defendant", or "Watson"),  hereby answers the complaint of

20  Plaintiff Cathy Jones-Riley ("Plaintiff" or "Jones-Riley") as follows:

21                        **PARTIES AND JURISDICTION**

22       1.      Plaintiff, CATHY JONES-RILEY (hereinafter "Ms. Jones-Riley" and/or "Plaintiff") is an

23  African American woman who at all times relevant herein was an employee of Defendant HEWLETT

24  PACKARD and a resident of the State of Georgia.

25       **ANSWER:**  Defendant admits the allegations contained in paragraph 1 of the Complaint.

26       2.      At all times mentioned in the Complaint, Defendant HEWLETT PACKARD (hereinafter

27  "HP") was a Delaware corporation licensed to do business in Placer County and does substantial

28  business in Placer County.  Based on information and belief, HP employs over 100 employees in Placer

                                    1
15212966v.1

1   County.  At all times mentioned in this Complaint, Margo Watson (hereinafter "Defendant Watson")

2   based on information and belief, was and is a resident of Placer County.  Moreover, during the relevant

3   time period referenced herein, Defendant Watson was an agent of Defendant HP and engaged in the

4   discriminatory conduct as set forth below in Placer County, State of California.  Defendant Watson is a

5   non-African American woman.

6         **ANSWER:**  Defendant admits that Hewlett Packard is a Delaware corporation licensed to do

7   business in Placer County.  Defendant lacks knowledge or information to form a belief as to the truth of

8   the allegations regarding the number of HP employees HP employed in Placer County and therefore

9   denies the same.  Defendant admits that she is a non-African American woman who is a resident of

10   Placer County.  Defendant denies the allegations contained in paragraph 2 of the Complaint not

11   expressly admitted.

12         3.       At all times mentioned in the Complaint, Defendants HP, WATSON and DOES 1-20,

13   inclusive, and each of them are and/or was employers withing [sic] the meaning of 42 U.S.C. § 2000e

14   (b) and 42 U.S.C. § 1981 (c) and at all times relevant herein were doing business in the County of

15   Placer, State of California.

16         **ANSWER:**  Paragraph 3 of the Complaint contains no factual allegations to admit or deny.  To

17   the extent an answer is required, Defendant admits that HP does business in the County of Placer, State

18   of California.  Defendant denies the remainder of the allegations contained in paragraph 3 of the

19   Complaint.

20         4.       At all times mentioned in this complaint, Defendant WATSON and DOES 1-20,

21   inclusive, were managing employees, supervisors or agents of Defendant HP, and performed all acts

22   alleged in this Complaint in the County of Placer, State of California.

23         **ANSWER:**  Paragraph 4 of the Complaint contains no factual allegations to admit or deny.  To

24   the extent an answer is required, Defendant denies the allegations of paragraph 4.

25         5.       Plaintiff does not know the true names of DOES 1 through 20, inclusive, and therefore

26   sues them by those fictitious names.  Plaintiff will seek to amend her complaint to show their true names

27   when ascertained.

28         **ANSWER:**  Paragraph 5 of the Complaint contains no factual allegations to admit or deny.

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

1      6.     Plaintiff is informed and believes, and on the basis of that information and belief alleges,

2  that at all times mentioned in this complaint, DOE defendants were the agents and employees of their

3  co-defendants.  Plaintiff is informed and believes, and based thereon alleges, that each of the DOE

4  defendants are legally responsible in some manner for the events and happenings referred to which

5  caused injuries and damages to Plaintiff as herein alleged.

6      **ANSWER:**  Paragraph 6 of the Complaint contains no factual allegations to admit or deny.  To

7  the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as

8  to the truth of the allegations of paragraph 6, and therefore denies the same.

9       <u>**GENERAL ALLEGATIONS AND FACTS COMMON TO ALL CAUSES OF ACTION**</u>

10     7.     Ms. Jones-Riley alleges and incorporates herein by this reference each and every

11  allegation set forth in all previous paragraphs of this Complaint.

12      **ANSWER:**  Defendant restates and incorporates by reference her responses set forth in previous

13  paragraphs of the Complaint.

14     8.     Ms. Jones-Riley worked for EYPMCF.from July 25, 2005 until November 2008 when

15  EYPMCF was acquired by Hewlett Packard ("HP").  Of the 40 corporate employees that worked for

16  EYPMCF, only two employees (Ms. Jones-Riley and her assistant) were hired by HP and given full time

17  positions.  Obviously, HP was impressed with Ms. Jones-Riley's professional qualifications and skills.

18      **ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth

19  of the allegations in paragraph 8, and therefore denies the same.

20     9.     Because Ms. Jones-Riley lived and worked in Atlanta, Georgia and the HP group that she

21  would be working for was located in Roseville, California, her position was classified as remote.  Ms.

22  Jones-Riley had no face to face interaction with any of HP's employees as she was located in Georgia.

23      **ANSWER:**  Defendant admits that Plaintiff's position was classified as remote.  Defendant lacks

24  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

25  paragraph 9, and therefore denies the same.

26     10.    Ms. Jones-Riley began working for HP in November 2008 without incident, and

27  performed her job satisfactorily, receiving no performance criticisms or negative feedback from any

28  supervisors or staff for over ten (10) months, i.e., from November 2008 until October 2009.  In fact,

15212966v.1

1   prior to October 1, 2009, each of Ms. Jones-Riley's projects were consistently approved by her

2   immediate supervisor, Defendant Watson.

3        **ANSWER:** Defendant denies the allegations contained in paragraph 10 of the Complaint.

4        11.   It was only after Ms. Jones-Riley, along with the other employees in her HP group, were

5   asked in mid-September 2009 to send photographs of themselves so that names could be placed to faces,

6   that Ms. Jones-Riley began to experience discriminatory treatment.  Ms. Jones-Riley complied and sent

7   a photograph of herself.  On Monday, September 28, 2009, photographs of Ms. Jones-Riley's group

8   were posted for all to see.  Consequently, after the photographs were posted, it was evident that Ms.

9   Jones-Riley was the only African American in her group.

10        **ANSWER:** Defendant admits that photographs of Jones-Riley's group were posted for the

11  group to view on or around September 28, 2009.  Defendant denies that Plaintiff experienced

12  discriminatory treatment.  Defendant further denies that Plaintiff was the only African American in her

13  group.

14        12.   Shockingly, on September 29, 2009, the very next day after sending the photograph of

15  herself, Ms. Jones-Riley received an email from her immediate supervisor, Defendant Watson,

16  requesting a meeting the next day.  At this October 1, 2009 meeting, Ms. Jones-Riley was baffled by

17  Defendant Watson advising her for the first time that she had received some negative feedback, Ms.

18  Watson only responded that it was anonymous.  Ms. Jones-Riley was not given an [sic] specifics on the

19  alleged performance issues, nor was she provided with any type of Performance Improvement Plan.

20        **ANSWER:** Defendant denies the allegations in paragraph 12.

21        13.   Two months later, on December 17, 2009, to Ms. Jones-Riley's dismay, she received her

22  first HP performance review from Defendant Watson with a below expectations rating.  This "I" rating

23  provides, in part, that the employee is "consistently below expectations on primary performance goals. .

24  . fails to demonstrate leadership . . . necessary improvements to performance have not been

25  demonstrated . . . [and] is not permitted to change jobs or job titles."  Such a negative rating prohibited

26  Ms. Jones-Riley from being eligible for a bonus or pay increase.  In sum, such a performance rating

27  meant that Ms. Jones-Riley was of no value to the organization.

28

4

15212966v.1

1   **ANSWER:** Defendant admits that Plaintiff received an "I" rating on or around December 17,

2   2009 and that with an "I" rating she was not eligible for a bonus or pay increase.   Defendant lacks

3   knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph

4   13, and therefore denies the same.

5   14.   On December 18, 2009, when Ms. Jones-Riley discussed the performance evaluation

6   with Defendant Watson, she inquired about the litany of positive information she provided Defendant

7   Watson as part of the performance review process.   As part of the employee-friendly review process,

8   employee were asked to submit kudos and feedback from co-workers, supervisors, clients, etc.

9   concerning the employee's performance.   Ms. Jones-Riley submitted a great deal of feedback (over 100

10  + documents) from all of the above praising her performance, and evidencing processes and procedures

11  of the job learned.   Some of the kudos and accolades even came from Defendant Watson's supervisor.

12  **ANSWER:** Defendant admits that when they discussed Plaintiff's performance evaluation

13  Plaintiff asked about the positive feedback provided as part of the review process.   Defendant lacks

14  knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph

15  14, and therefore denies the same.

16  15.   When Ms. Jones-Riley asked Defendant Watson how the information that she submitted

17  regarding her performance evaluation factored into her performance rating, Defendant Watson simply

18  dismissed her inquiry and told her she had other evaluations to give that day.

19  **ANSWER:** Defendant denies the allegation contained in paragraph 15 of the Complaint.

20  16.   In addition, after it became evident that Ms. Jones-Riley was African-American, she

21  began to be held to different performance expectations.   For example, Defendant Watson told Ms. Jones-

22  Riley that she had to respond to emails and inquiries with the information requested within one (1) day,

23  while other non-African American employees were allowed several weeks to respond to requests for the

24  same type information.

25  **ANSWER:** Defendant admits that Plaintiff was told that she had to respond to emails and

26  inquires for information within one day.   Defendant denies that Plaintiff was held to different

27  performance expectations than other non-African American employees.

28

5

15212966v.1

1      17.     Another example of differential treatment directed against Ms. Jones-Riley by Defendant

2  Watson was evidenced when Ms. Watson transferred Ms. Jones-Riley out of the ECOS EYP business

3  group to the TS group, which was clearly a demotion.  Ms. Watson then transferred Gail Jones (a non-

4  African American) into the EYP business group wherein she acquired Ms. Jones-Riley's former role.

5  Gail Jones failed drastically in the position.  Despite Ms. Jones' poor performance in the EYP business

6  group, with Defendant Watson's approval, Ms. Jones was transferred to a more favorable position.

7      **ANSWER:**  Defendant admits that Plaintiff was transferred.  Defendant denies that the transfer

8  constituted a demotion.  Defendant admits that Gail Jones was transferred into Plaintiff's former role.

9  Defendant admits that Gail Jones was subsequently transferred to a different position and a different

10  group.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining

11  allegations in paragraph 17, and therefore denies the same.

12      18.     After receiving the above-referenced performance evaluation, Ms. Jones-Riley

13  complained to HP's Human Resources representative about her concerns of race discrimination.  On the

14  same date that she complained, January 20, 2010, she was immediately given a performance warning

15  and placed on 90 day probation by Defendant Watson.  On January 26, 2010, Ms. Jones-Riley filed a

16  charge with the Equal Employment Opportunity Commission alleging race discrimination and

17  retaliation for complaints of race discrimination.

18      **ANSWER**  Defendant lacks knowledge or information sufficient to form a belief as to the

19  allegations in paragraph 18, and therefore denies the same.

20      19.     On July 6, 2010, HP notified Ms. Jones-Riley that she was being terminated effective

21  September 10, 2010 under the guise of a reduction in workforce.  Despite Defendants' allegations that

22  Plaintiff was not performing satisfactorily, curiously, she was assigned the responsibility of training

23  employees to perform several job duties and responsibilities upon her termination.

24      **ANSWER:**  Defendant admits that Plaintiff received notification of a workforce reduction on or

25  around July 6, 2010.  Defendant denies that Plaintiff was assigned the responsibility of training

26  employees to perform job duties and responsibilities upon her termination.  Defendant denies the

27  remainder of the allegations contained in paragraph 19 of the Complaint.

28

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

20.     Defendants discriminated, retaliated and wrongfully terminated Plaintiff on the basis of her African-American race.  As a result of the discrimination and retaliation that she was subjected to, Plaintiff has suffered and continues to suffer severe emotional strain, psychological damage, infringement upon her personal dignity, and otherwise caused Plaintiff to suffer grave and irreparable harm.  As a result of Defendants' conduct, Plaintiff suffered and continues to suffer from anxiety attacks, depression, humiliation, embarrassment, and sever emotional distress.  Consequently, Plaintiff has been forced to seek medical treatment and is currently taking anti-anxiety medication.

**ANSWER:**  Defendant denies the allegations in paragraph 20 of the Complaint.

## FIRST CAUSE OF ACTION

### RACE DISCRIMINATION

### AGAINST DEFENDANTS HEWLETT PACKARD AND MARGO WATSON

### (42 U.S.C.  § 1981)

21.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

**ANSWER:**  Defendant restates and incorporates by reference her responses set forth in previous paragraphs of the Complaint.

22.     Plaintiff was at all times hereto a "person" within the meaning of 42 U.S.C. § 1981(a).

**ANSWER:**  The allegations in paragraph 22 of the Complaint state a legal conclusion to which no answer is required.

23.     Defendant HP was at all material times an "employer" as defined by 42 U.S.C. § 1981(c) and, as such, was barred from racially discriminating against its employees.

**ANSWER:**  The allegations in paragraph 23 of the Complaint state a legal conclusion to which no answer is required.

24.     Defendant Watson and individual "Doe" Defendants are/were managerial or supervisory employees of HP who had a duty to Plaintiff to refrain from race discrimination and retaliation pursuant to 42 U.S.C. § 1981.

**ANSWER:**   The allegations in paragraph 24 of the Complaint state a legal conclusion to which no answer is required.

15212966v.1

1    25.    Defendants, and each of them, repeatedly discriminated against Plaintiff on the basis of

2    race, in violation of 42 U.S.C. § 1981 by engaging in the course of conduct more fully set forth in the

3    General Allegations.  Specifically, upon learning that Plaintiff was an African-American, Defendants

4    gave Plaintiff a negative and poor performance evaluation, demoted her, placed her on probation and

5    terminated her employment.

6    **ANSWER:** Defendant denies the allegations contained in paragraph 25.

7    26.    The discrimination in violation of Section 1981 occurred, among other ways, by

8    subjecting Plaintiff to disparate discipline, including discharging Plaintiff from her employment with

9    HP.  The Defendants also discriminated against Plaintiff in violation of 42 U.S.C. § 1981 by, among

10   other things, subjecting Plaintiff to disparate discipline, including discharge because she complained to

11   HP Human Resources officials about what she believed to be discrimination in employment on the basis

12   of race.  Defendants also discriminated against Plaintiff in violation of 42 U.S.C. § 1981 by, among

13   other things, subjecting Plaintiff to disparate discipline, including discharge because she filed charges

14   with the EEOC alleging race discrimination and retaliation for complaints of race discrimination.

15   Defendants further discriminated against Plaintiff by failing and refusing to take appropriate action to

16   remedy the effects of the discriminatory treatment of Plaintiff.

17   **ANSWER:** Defendant denies the allegations contained in paragraph 26.

18   27.    As a proximate result of the actions of Defendants, Plaintiff has been denied the same

19   rights to equal employment opportunities and equal rights to contract in violation of 42 U.S.C. § 1981.

20   As a result of Defendants' unlawful discrimination of Plaintiff, Plaintiff has suffered and continues to

21   suffer substantial (a) humiliation, serious mental anguish and emotional and physical distress; and (b)

22   loss of past and future earnings, and employment benefits and opportunities, on account of which

23   Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds the

24   jurisdictional limits of this court but is presently unknown to Plaintiff, who will either seek leave to

25   amend this complaint upon ascertaining such information, or will prove the same at the time of trial.

26   **ANSWER:** Defendant denies the allegations contained in paragraph 27.

27

28

15212966v.1

28.   The discriminatory practices toward Plaintiff, alleged in the General Allegations, set forth above, were approved and ratified by the Defendants by their failure to act following Plaintiff's lodging of complaints, which outlined with specificity that she had been the victim of race discrimination.

**ANSWER:** Defendant denies the allegations contained in paragraph 28.

29.   As more fully set forth above, the racial harassment by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.  The conduct of Defendants, and each of them, was clearly malicious, oppressive, and despicable.

**ANSWER:** Defendant denies the allegations contained in paragraph 29.

**SECOND CAUSE OF ACTION**

**RACE DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA CONSTITUTION, ARTICLE 1, SECTION 8**

**AGAINST DEFENDANT HEWLETT PACKARD**

30.   Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

**ANSWER:** Defendant restates and incorporates by reference her responses set forth in previous paragraphs of the Complaint.

31.   Article 1, Section 8 of the California Constitution prohibits discrimination in employment on the basis of one's race.  Plaintiff was an employee of Defendant HP.

**ANSWER:** The allegations in paragraph 31 of the Complaint state a legal conclusion to which no answer is required.

32.   Defendants, and each of them, discriminated against Plaintiff on the basis of race, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000e, and Article 1, Section 8 of the California Constitution by engaging in the course of conduct more fully set forth in the General Allegations.  Specifically, upon

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

1    learning that Plaintiff was an African-American, Defendants gave Plaintiff a negative and poor

2    performance evaluation, demoted her, placed her on probation and terminated her employment.

3         **ANSWER:** Defendant denies the allegations contained in paragraph 32.

4         33.    The discrimination in violation of Article I, Section 8 of the California Constitution

5    occurred, among other ways, by subjecting Plaintiff to disparate discipline, including discharging

6    Plaintiff from her employment with HP.  The Defendants also discriminated against Plaintiff in violation

7    of Article 1, Section 8 by, among other things, subjecting Plaintiff to disparate discipline, including

8    discharge because she complained to HP Human Resources officials about what she believed to be

9    discrimination in employment on the basis of race.  Defendants also discriminated against Plaintiff in

10   violation of Article 1, Section 8, by, among other things, subjecting Plaintiff to disparate discipline,

11   including discharge because she filed charges with the EEOC alleging race discrimination and

12   retaliation for complaints of race discrimination.  Defendants further discriminated against Plaintiff by

13   failing and refusing to take appropriate action to remedy the effects of the discriminatory treatment of

14   Plaintiff.

15        **ANSWER:** Defendant denies the allegations contained in paragraph 33.

16        34.    The Defendants' actions constitute racial discrimination in employment and violate

17   California Constitution, Article 1, Section 8.  As a result of Defendants' unlawful discrimination of

18   Plaintiff, Plaintiff has suffered and continues to suffer substantial (a) humiliation, serious mental anguish

19   and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits

20   and opportunities on account of which Plaintiff is entitled to compensatory damages, the exact amount

21   and nature of which exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff,

22   who will either seek leave to amend this complaint upon ascertaining such information, or will prove the

23   same at the time of trial.

24        **ANSWER:** Defendant denies the allegations contained in paragraph 34.

25        35.    The discriminatory practices toward Plaintiff, alleged in the General Allegations set forth

26   above, were approved and ratified by the Defendants by their failure to act following Plaintiff's lodging

27   of complaints, which outlined with specificity that she had been the victim of race discrimination.

28        **ANSWER:** Defendant denies the allegations contained in paragraph 35.

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

36.     As more fully set forth above, the racial harassment by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, which acts amounted to oppression, fraud, and malice.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.  The conduct of Defendants, and each of them, was clearly malicious, oppressive, and despicable.

**ANSWER:**  Defendant denies the allegations contained in paragraph 36.

**THIRD CAUSE OF ACTION**

**RETALIATION FOR COMPLAINTS OF RACE DISCRIMINATION**

**AGAINST DEFENDANTS HEWLETT PACKARD AND MARGO WATSON**

**(42 U.S.C. §1981)**

37.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

**ANSWER:**  Defendant restates and incorporates by reference her responses set forth in previous paragraphs of the Complaint.

38.     In violation of 42 U.S.C. § 1981, Defendants, and each of them retaliated against Plaintiff by unlawfully discriminating against Plaintiff after she complained about and opposed unlawful race discrimination, as more fully set forth in the General Allegations and all paragraph stated above, among other things.  Plaintiff lodged complaints of discrimination with HP's Human Resources representative Linda Webb and others, and the United States Equal Employment Opportunity Commission ("EEOC").

**ANSWER:**  Defendant denies the allegations contained in paragraph 38.

39.     On the same day that Plaintiff lodged a race discrimination complaint with HP about Defendant Watson, she was retaliated against and placed on 90 day probation by Defendant Watson.  Plaintiff thereafter filed a charge of race discrimination and retaliation for complaints of discrimination charge with the EEOC.  Plaintiff was transferred, demoted and terminated after complaining of race discrimination and after filing charges of race discrimination with the EEOC.

**ANSWER:**  Defendant denies the allegations contained in paragraph 39.

11

15212966v.1

1    40.    As a proximate result of the actions of Defendants, Plaintiff has been denied the same

2    rights to equal employment opportunities and rights to contract in violation of 42 U.S.C. § 1981.  As a

3    direct and proximate result of Defendant's retaliatory action against Plaintiff for her opposition to and

4    complaints about HP's racially discriminatory employment practices, Plaintiff has suffered and

5    continues to suffer substantial (a) humiliation, serious mental anguish and emotional and physical

6    distress; and (b) loss of past and future earnings, and employment benefits and opportunities on account

7    of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which exceeds

8    the jurisdictional limits of this court but is presently unknown to Plaintiff, who will prove the same at

9    the time of trial.

10    **ANSWER:**  Defendant denies the allegations contained in paragraph 40.

11    41.    As more fully set forth above, Defendant's retaliatory actions were willful, wanton,

12    malicious, and oppressive and committed with the intent to cause the injuries sustained by Plaintiff.

13    Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and

14    make an example of Defendant.

15    **ANSWER:**  Defendant denies the allegations contained in paragraph 41.

16    **FOURTH CAUSE OF ACTION**

17    **RETALIATION FOR COMPLAINTS OF RACE DISCRIMINATION**

18    **AGAINST DEFENDANTS HEWLETT PACKARD**

19    **(Cal. Labor Code § 102.5(b))**

20    42.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

21    forth in all previous paragraphs of the Complaint.

22    **ANSWER:**  Defendant restates and incorporates by reference her responses set forth in previous

23    paragraphs of the Complaint.

24    43.    California Labor Code Section 1102.5(b) prohibits an employer from retaliating against

25    an employee for disclosing information to a government agency when the employee has reasonable

26    cause to believe that a violation or noncompliance with a state or federal statute occurred.  Plaintiff was

27    at all times referenced herein an employee of Defendant HP.

28

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

1  **ANSWER:**  The allegations in paragraph 43 of the Complaint state a legal conclusion to which

2  no answer is required.

3      44.    In January 2010 and June 2010, Plaintiff lodged charges of discrimination with the EEOC

4  alleging Defendants violation of 42 U.S.C. § 2000e by engaging in racially discriminatory conduct

5  against her.

6    **ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the

7  allegations in paragraph 44, and therefore denies the same.

8      45.    Thereafter, Plaintiff was transferred, demoted and subsequently terminated from her

9  employment with Defendant.

10    **ANSWER:**  Defendant denies that Plaintiff was demoted.  Defendant admits that Plaintiff was

11  transferred to a different group and that her employment was terminated as part of a workforce

12  reduction.

13      46.    As a direct and proximate result of Defendant's retaliatory actions against Plaintiff for

14  her opposition to and complaints about HP's racially discriminatory employment practices, Plaintiff has

15  suffered and continues to suffer substantial (a) humiliation, serious mental anguish and emotional and

16  physical distress; and (b) loss of past and future wages, and employment benefits and opportunities on

17  account of which Plaintiff is entitled to compensatory damages, the exact amount and nature of which

18  exceeds the jurisdictional limits of this court but is presently unknown to Plaintiff, who will prove the

19  same at the time of trial.  As more fully set forth above, Defendant's retaliatory actions were willful,

20  wanton, malicious, and oppressive and committed with the intent to cause the injuries sustained by

21  Plaintiff.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to

22  punish and make an example of Defendant.

23    **ANSWER:**  Defendant denies the allegations contained in paragraph 46.

24                  **FIFTH CAUSE OF ACTION**

25    **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

26      47.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

27  forth in all previous paragraphs of the Complaint.

28

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

**ANSWER:** Defendant restates and incorporates by reference her responses set forth in previous paragraphs of the Complaint.

48.    Plaintiff was at all times mentioned herein an employee of Defendant HP.

**ANSWER:** Defendant admits that Plaintiff was employed by HP.

49.    Plaintiff was discriminated against, retaliation against and wrongfully terminated on the basis of her race in violation of 42 U.S.C. §§ 1981, 2000e and the California Constitution article 1, Section 8.  As a result of Plaintiff's race and complaints of race discrimination Defendant HP retaliated against Plaintiff by terminating her employment.  The aforementioned acts of Defendant HP constitute wrongful termination in violation of public policy.

**ANSWER:** Defendant denies the allegations contained in paragraph 49.

50.    As a direct and proximate result of Defendant's actions against Plaintiff, Plaintiff suffered (a) humiliation, serious mental anguish and emotional and physical distress to his damage in a sum yet to be ascertained; and (b) loss of past and future wages, and employment benefits and opportunities on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

**ANSWER:** Defendant denies paragraph 50.

51.    As more fully set forth above, Defendant HP's retaliatory actions were willful, wanton, malicious, and oppressive and committed with the intent to cause the injuries sustained by Plaintiff, within the meaning of <u>California Civil Code</u> § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.

**ANSWER:** Defendant denies paragraph 51.

<u>**SIXTH CAUSE OF ACTION**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**AGAINST ALL DEFENDANTS**

52.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

15212966v.1

1    **ANSWER:** Defendant restates and incorporates by reference her responses set forth in previous

2    paragraphs of the Complaint.

3    53.    Defendants engaged in race discrimination and retaliation for complaints of race

4    discrimination against Plaintiff and aided and abetted each other in engaging in illegal discrimination

5    and retaliation thereby, including subjecting Plaintiff to the intentional infliction of emotional distress

6    caused by such discrimination and retaliation in violation of 42 U.S.C. §§ 1981, 2000e, and California

7    Labor Code § 1102.5(b).

8    **ANSWER:** Defendant denies the allegations contained paragraph 53.

9    54.    Defendant HP failed to take immediate and appropriate remedial action to respond to

10   Plaintiff's complaints of race discrimination and retaliation for complaints of race discrimination.

11   Instead, Defendant ignored Plaintiff's requests that the behavior be dealt with and allowed Plaintiff to be

12   subjected to retaliatory action, including termination.

13   **ANSWER:** Defendant denies the allegations contained paragraph 54.

14   55.    The acts of Defendants as described herein were extreme and outrageous and an abuse of

15   the authority and position of Defendants and each of them.  Such conduct was intended to cause severe

16   emotional distress, or was done in conscious disregard of the probability of causing such distress.  Such

17   conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected

18   to occur in the workplace.  Defendant HP, Defendant Watson, and its employees, abused their positions

19   of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and convey the

20   message that she was powerless to defend her rights.

21   **ANSWER:** Defendant denies the allegations contained paragraph 55.

22   56.    As a proximate result of the aforementioned acts, Plaintiff has suffered and continues to

23   suffer embarrassment, anxiety, humiliation, serious mental anguish and emotional and physical distress.

24   As a direct and proximate result of Defendant's actions against Plaintiff, Plaintiff suffered also suffered

25   [sic] loss of past and future wages, and employment benefits and opportunities, on account of which

26   Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages are

27   presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining

28   such information, or will prove the same at the time of trial.  Plaintiff will continue to suffer damages in

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

1   a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained.  Plaintiff will prove

2   same at the time of trial.

3      **ANSWER:** Defendant denies the allegations contained paragraph 56.

4      57.    As more fully set forth above, the acts of Defendants were intentional, malicious, wanton,

5   oppressive and fraudulent, with conscious disregard of Plaintiff's rights and with the intent to vex,

6   injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff within the meaning of

7   California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an

8   amount sufficient to punish and make an example of Defendants.

9      **ANSWER:** Defendant denies the allegations contained paragraph 57.

10                  **SEVENTH CAUSE OF ACTION**

11          **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

12                **AGAINST ALL DEFENDANTS**

13     58.    Plaintiff alleges and incorporates herein by this reference each and every allegation set

14   forth in all previous paragraphs of the Complaint.

15     **ANSWER:** Defendant restates and incorporates by reference her responses set forth in previous

16   paragraphs of the Complaint.

17     59.    In carrying out the above-mentioned conduct, Defendant HP, Defendant Watson and its

18   agents breached a duty owed to Plaintiffs [sic] to provide a workplace free from unfair treatment,

19   racially discriminatory treatment and retaliation, and abused their positions of authority towards

20   Plaintiff.  Said conduct exceeded the inherent risks of employment and was not the sort of conduct

21   normally expected to occur in the workplace.

22     **ANSWER:** Defendant denies the allegations contained in paragraph 59.

23     60.    Defendant HP and its agents, knew or should have known, that the above conduct would

24   cause Plaintiff's serious emotional distress.  As a proximate result of Defendants' negligent conduct,

25   Plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish, and

26   emotional distress in an amount according to proof.  As a direct and proximate result of Defendant's

27   actions against Plaintiff, Plaintiff also suffered loss of past and future wages, and employment benefits

28   and opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact amount

15212966v.1

1 │ and nature of such damages are presently unknown to Plaintiff, who will either seek leave to amend this

2 │ Complaint upon ascertaining such information, or will prove the same at the time of trial.

3 │      **ANSWER:** Defendant denies the allegations contained in paragraph 60.

4 │ **ADDITIONAL DEFENSES**

5 │      In further answer to the Complaint, and as separate and distinct defenses to the purported causes

6 │ of action set forth in the Complaint, Defendant alleges the following additional defenses.  In asserting

7 │ these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are

8 │ Plaintiff's burden to prove.

9 │ **FIRST SEPARATE DEFENSE**

10 │ **(Failure To State a Cause of Action)**

11 │     1.    Plaintiff's Complaint and each and every claim for relief purported to be alleged therein

12 │ fails to state a claim for which relief may be granted.

13 │ **SECOND SEPARATE DEFENSE**

14 │ **(Statute of Limitations)**

15 │     2.    Plaintiff's Complaint and each and every claim for relief purported to be alleged therein

16 │ is barred by the applicable statute of limitations including, but not limited to, 42 U.S.C. section 1981, 28

17 │ U.S.C. section 1658 and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340(c), and

18 │ 343.

19 │ **THIRD SEPARATE DEFENSE**

20 │ **(Management Discretion)**

21 │     3.    Any and all conduct of which Plaintiff complains or which is attributed to Defendants

22 │ was a just and proper exercise of management discretion, at all times privileged and justified, and

23 │ undertaken for fair and honest reasons, in good faith and without malice.

24 │ **FOURTH SEPARATE DEFENSE**

25 │ **(Workers' Compensation Preemption)**

26 │     4.    Plaintiff's Complaint and each and every claim for relief purported to be alleged therein

27 │ is barred and preempted by the exclusivity provisions of the California Workers' Compensation Act,

28 │ Labor Code section 3600 et seq.

17

15212966v.1

**FIFTH SEPARATE DEFENSE**

**(Waiver)**

5.      Plaintiff's Complaint and each and every claim for relief purported to be alleged therein is barred in whole or in part by the doctrine of waiver.

**SIXTH SEPARATE DEFENSE**

**(Unclean Hands)**

6.      Plaintiff's Complaint and each and every claim for relief purported to be alleged therein is barred to the extent she had unclean hands.

**SEVENTH SEPARATE DEFENSE**

**(Estoppel)**

7.      Plaintiff's Complaint and each and every claim for relief purported to be alleged therein is barred in whole or in part by judicial, equitable and/or collateral estoppel.

**EIGHTH SEPARATE DEFENSE**

**(Laches)**

8.      Plaintiff's Complaint and each and every claim for relief purported to be alleged therein is barred in whole or in part by the doctrine of laches.

**NINTH SEPARATE DEFENSE**

**(Ratification)**

9.      Plaintiff's Complaint and each and every claim for relief purported to be alleged therein is barred in whole or in part because any conduct by Defendants was ratified, consented to and/or acquiesced in by Plaintiff.

**TENTH SEPARATE DEFENSE**

**(After-Acquired Evidence Doctrine)**

10.      Plaintiff's claims for relief are barred to the extent she engaged in any fraud or misconduct of which Defendant was unaware until after Plaintiff's separation from employment, and which, if known would have caused Plaintiff to be terminated or not hired in the first place.

**ELEVENTH SEPARATE DEFENSE**

**(Avoidable Consequences)**

18

11.     If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage, or loss must be reduced to the extent that she failed to exercise reasonable care to avoid or limit the alleged harm.

### TWELFTH SEPARATE DEFENSE

### (Failure to Mitigate Damages)

12.     Plaintiff is not entitled to back pay and/or other damages for any claim for relief purported to be alleged in her Complaint to the extent that she failed to seek and obtain other employment and otherwise failed to mitigate her alleged loss of wages or other damages.

### THIRTEENTH SEPARATE DEFENSE

### (Offset)

13.     To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### FOURTEENTH SEPARATE DEFENSE

### (Proximate Cause)

14.     If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff or others which contributed to and proximately caused any such injury, damage or loss.

### FIFTEENTH SEPARATE DEFENSE

### (California Civil Code section 3294)

15.     Plaintiff's Complaint and each and every claim for relief purported to be alleged therein fails to state a claim for punitive damages under California Civil Code section 3294.

### SIXTEENTH SEPARATE DEFENSE

### (Due Process)

16.     Plaintiff's Complaint fails to state facts sufficient to merit an award for exemplary or punitive damages because it violates Defendant's right to protection from "excessive fines" and to substantive due process pursuant the United States and California Constitutions.

15212966v.1

## SEVENTEENTH SEPARATE DEFENSE

### (*State Farm v. Campbell*)

17.     Any claim Plaintiff may make for punitive damages is barred and/or limited by the United States Supreme Court's holding in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).

## EIGHTEENTH SEPARATE DEFENSE

### (Action Contrary to HP Policy)

18.     Plaintiff may not recover punitive damages against Defendant for the employment decisions of Defendant HP's agent(s) to the extent that those decisions were contrary to policies Defendant HP has instituted against wrongful conduct.

## NINETEENTH SEPARATE DEFENSE

### (Reasonable Directions)

19.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by Labor Code section 2856 in that Plaintiff failed to substantially comply with Defendant's reasonable directions.

## TWENTIETH SEPARATE DEFENSE

### (Failure to Perform Obligations)

20.     Any injury suffered by Plaintiff was a direct and proximate result of Plaintiff's own failure to perform services in conformity with the usage and place of performance in derogation of her statutory obligations.

## TWENTY-FIRST SEPARATE DEFENSE

### (Failure to Comply With Policies)

21.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by Plaintiff's failure to comply with HP's express or implied policies governing Plaintiff's employment.

## TWENTY-SECOND SEPARATE DEFENSE

### (Same Decision)

22.     Plaintiff's remedies are limited and/or liability is precluded because Defendant would have taken the same action in the absence of the alleged impermissible motivating factor(s).

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1

## TWENTY-THIRD SEPARATE DEFENSE

### (Failure to Follow Internal Procedures

23.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred in whole or in part because Plaintiff unreasonably failed to follow the established internal procedures for reporting workplace discrimination and/or retaliation.

## TWENTY-FOURTH SEPARATE DEFENSE

### (Complaints Investigated)

24.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred in whole or in part because if any internal complaint was made to Plaintiff's employer, correct procedures were following in investigating and addressing the complaint.

## TWENTY-FIFTH SEPARATE DEFENSE

### (Lack of Knowledge, Authorization, and Ratification)

25.     Defendant is not liable for any of the alleged damages to Plaintiff because, if any person or entity engaged in intentional, willful or unlawful conduct as alleged in the Complaint, such person or entity did so without the knowledge, authorization or ratification of Defendant.

## TWENTY-SIXTH SEPARATE DEFENSE

### (Unstated Defenses)

26.     Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses, based upon the conclusory terms used in Plaintiff's Complaint.  Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.  Defendant denies that Plaintiff has been injured in any way by its conduct or that she is entitled to any of the relief prayed for or alleged elsewhere in the Complaint.

## DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES

Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law.  As a result of Plaintiff's filing of this complaint, Defendant has been required to obtain the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and

15212966v.1

attorneys' fees in defense of this frivolous case, and Defendant is therefore entitled to recover reasonable

attorneys' fees, expenses, and costs incurred by and through this action in accordance with Rule 11 of

the Federal Rules of Civil Procedure, and/or California Code of Civil Procedure Section 128.7.

**PRAYER**

**WHEREFORE**, Defendants pray:

1.    That Plaintiff's Complaint be dismissed;

2.    That Plaintiff take nothing by reason thereof;

3.    That judgment be entered in favor of Defendants;

4.    That Defendants be awarded their attorneys' fees and costs of suit; and

5.    For such other and further relief as the Court deems just and proper.

DATED: February 7, 2013                    SEYFARTH SHAW LLP


By:/s/ Anthony J. Musante
     Mark P. Grajski
     Anthony J. Musante
Attorneys for Defendants
HEWLETT PACKARD COMPANY AND
MARGO WATSON

DEFENDANT MARGO WATSON'S ANSWER TO PLAINTIFF'S COMPLAINT

15212966v.1