1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7               EASTERN DISTRICT OF CALIFORNIA
8
9    CATHY JONES-RILEY,                    No.  2:13-CV-00125-TLN-EFB
10              Plaintiff,
11       v.                                **ORDER**
12   HEWLETT PACKARD COMPANY and
     MARGO WATSON,
13
14              Defendants.
15
16           This matter is before the Court pursuant to Defendants Hewlett Packard Co. ("HP") and

17   Margo Watson's ("Watson") (collectively, "Defendants") Motion for Summary Judgment and/or

18   Partial Summary Judgment.  (Mot. for Summ. J., ECF No. 22.)  Plaintiff Cathy Jones-Riley

19   ("Plaintiff") has filed an opposition to Defendant's motion.  (Pl.'s Opp'n to Defs.' Mot. for

20   Summ. J., ECF No. 25.)  The Court has carefully considered the arguments raised in Defendants'

21   motion and reply as well Plaintiff's opposition.  For the reasons set forth below, the Court

22   DISMISSES with prejudice Plaintiff's claims under the doctrine of judicial estoppel.

23   **I.      FACTUAL AND PROCEDURAL BACKGROUND**

24           Plaintiff brought suit against Defendants on September 4, 2012, in California Superior

25   Court, Placer County.  (Compl., ECF No. 2-1.)  Defendants removed the action to this Court on

26   January 22, 2013.  (Notice of Removal, ECF No. 2.)  In her complaint, Plaintiff alleges seven

27   causes of action: 1) race discrimination in violation of 42 USC § 1981; 2) race discrimination in

28   violation of California Constitution, Article I, § 8; 3) retaliation in violation of 42 USC § 1981; 4)

1   retaliation in violation of Cal. Labor Code § 1102.5; 5) wrongful termination in violation of

2   public policy; 6) intentional infliction of emotional distress; and 7) negligent infliction of

3   emotional distress.  (ECF No. 2-1.)  On February 13, 2014, Defendants moved for summary

4   judgment or, in the alternative, partial summary judgment against Plaintiff.  (ECF No. 22.)

5   Defendants argue that all of Plaintiff's claims are barred by judicial estoppel as a result of

6   Plaintiff's failure to disclose the claims in her bankruptcy filing.  (Defs.' Mem. in Supp. of Mot.

7   for Summ. J., ECF No. 22-1.)  Defendants further argue that Plaintiff's claims must be dismissed

8   because each asserted cause of action provides no genuine dispute of material fact.[1]  (ECF No.

9   22-1.)

10        Plaintiff's complaint alleges that she suffered discrimination on the basis of her race

11   beginning in September 29, 2009, while she was employed at HP.  (ECF No. 2-1, ¶ 11–12.)

12   Plaintiff alleges that she complained to a Human Resources representative at HP about her

13   concerns of race discrimination on January 20, 2010.  On that same day, Plaintiff states that she

14   was given a performance warning and placed on probation by Defendant Watson, her supervisor.

15   (ECF No. 2-1, ¶ 18.)  On January 26, 2010, Plaintiff filed a charge with the Equal Employment

16   Opportunity  Commission ("EEOC") alleging race discrimination and retaliation for complaints

17   of race discrimination.  (ECF No. 2-1, ¶ 18.)  On July 6, 2010, HP notified Plaintiff that she

18   would be terminated effective September 10, 2010.  (ECF No. 2-1, ¶ 19.)  On July 7, 2010,

19   Plaintiff filed a second EEOC charge against HP, alleging her termination was a result of race

20   discrimination and retaliation against her for reporting such conduct.  (Defs.' Undisputed Material

21   Facts ("UMF"), ECF No. 22-2, ¶ 48.)

22        Defendants assert, and Plaintiff does not dispute, that Plaintiff filed for a Chapter 13

23   bankruptcy in the Federal District Court of the Northern District of Georgia on September 23,

24   2011.  (UMF, ECF No. 22-2, ¶ 53.)  Plaintiff did not disclose the two EEOC charges, or any other

25   reference to the instant claims, as part of her bankruptcy petition.  (UMF, ECF No. 22-1, ¶ 55–

26   56.)  Plaintiff converted her Chapter 13 bankruptcy to Chapter 7 on December 1, 2011, and

27

28   [1] Because this Court finds that each of Plaintiff's claims is barred by judicial estoppel, the Court will not address Defendants' arguments as to the merits of each individual cause of action.

2

1    received Chapter 7 discharge on March 14, 2012.  (UMF, ECF No. 22-2, ¶ 57.)  Plaintiff then

2    filed the instant claims in state court on September 4, 2012.  (Compl., ECF No. 2-1.)  There is no

3    indication that Plaintiff made any effort to amend her bankruptcy petition to disclose these claims

4    at any time.

5            **II.      STANDARD OF LAW**

6            The doctrine of judicial estoppel is applied to "protect the integrity of the judicial process

7    by prohibiting parties from deliberately changing positions according to the exigencies of the

8    moment."  *New Hampshire v. Maine*, 532 U.S. 742, 743 (2001).  In the bankruptcy context, the

9    Ninth Circuit has held that "a party is judicially estopped from asserting a cause of action not

10   raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure

11   statements."  *Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 783 (9th Cir. 2001) (citing

12   *Hay v. First Interstate Bank of Kalispell, N.A*., 978 F.2d 555, 557 (9th Cir. 1992)).  Judicial

13   estoppel is "an equitable doctrine invoked by a court at its discretion."  *Russell v. Rolfs*, 893 F.2d

14   1033, 1037 (9th Cir. 1990).  *See also*, *Dzakula v. McHugh*, 746 F.3d 399, 402 (9th Cir. 2014);

15   *Benetatos v. Hellenic Republic*, 371 F. App'x 770, 771 (9th Cir. 2010); *Latin v. Perot Sys. Corp*.,

16   336 F. App'x 708, 709 (9th Cir. 2009).

17           The Supreme Court has outlined three factors that courts may consider in deciding

18   whether to apply judicial estoppel: 1) whether a party's later position is clearly inconsistent with

19   its earlier position; 2) whether the party has succeeded in persuading a court to accept the earlier

20   position; and 3) whether the party would derive an unfair advantage or impose an unfair detriment

21   on the opposing party if not estopped.   *Hamilton*, 270 F.3d at 782–83 (citing *New Hampshire*,

22   532 U.S. at 750–51).   The Ninth Circuit does "not establish inflexible prerequisites or an

23   exhaustive formula for determining the applicability of judicial estoppel.  Additional

24   considerations may inform the doctrine's application in specific factual contexts."  *Id*. at 783.

25   However, many district courts within the Ninth Circuit have applied judicial estoppel in a

26   bankruptcy context using these three factors.  *See, e.g., Ceja-Corona v. CVS Pharmacy, Inc*., No.

27   1:12-CV-01703-AWI, 2014 WL 1679410 (E.D. Cal. Apr. 28, 2014); *Banuelos v. Waste*

28   *Connections, Inc.*, No. 1:12-CV-1012 AWI SAB, 2013 WL 398859 (E.D. Cal. Jan. 31, 2013);

1 | *Yoshimoto v. O'Reilly Auto.*, Inc., No. C 10-05438 LB, 2011 WL 2197697 (N.D. Cal. June 6,

2 | 2011); *Caviness v. England*, No. CIVS042388 GEB DADPS, 2007 WL 1302522 (E.D. Cal. May

3 | 3, 2007).

4 | **III.   ANALYSIS**

5 | Defendants ask this Court to dismiss Plaintiff's complaint in its entirety on the basis of

6 | judicial estoppel, arguing that Plaintiff failed to disclose these claims in her Chapter 13

7 | bankruptcy filing.  (ECF No. 22-1.)  The Court will apply the Supreme Court's three factor test in

8 | determining whether Plaintiff's omission is grounds for dismissing her claims.

9 | **A.  Plaintiff's Claims are Clearly Inconsistent with Her Bankruptcy Filing**

10 | Defendants argue that Plaintiff's claims in this case are clearly inconsistent with her

11 | bankruptcy filing.  (ECF No. 22 at 12.)  Plaintiff responds that "she never considered" disclosing

12 | the information because "she assigned no value to the claim and hoped the disagreement would

13 | resolve."  (ECF No. 25 at 12.)  She further argues that she did not make the decision to sue

14 | Defendants until August 2012, five months after her debt was discharged.  (ECF No. 25 at 12.)

15 | Plaintiff's arguments are insufficient under the law to support a defense.

16 | It is clear that, in her bankruptcy filing, Plaintiff was under "an express, affirmative duty

17 | to disclose all assets, *including contingent and unliquidated claims*."  *Hamilton*, 270 F.3d at 785

18 | (emphasis in original).  The Ninth Circuit has held that such claims exist when "the debtor has

19 | knowledge of enough facts to know that a potential cause of action exists."  *Hamilton*, 270 F.3d at

20 | 784.  This district has further held that a claim, and the duty to report that claim, "accrues when

21 | the cause of action is complete with all its elements."  *Ceja-Corona*, 2014 WL 1679410, at *9

22 | (internal citations omitted).

23 | There is no doubt that Plaintiff's legal claims existed at the time of her bankruptcy filing.

24 | Plaintiff states that she notified Defendants of her concerns of race discrimination on January 20,

25 | 2010.  (ECF No. 2-1, ¶ 18.)  Plaintiff relied on those relevant facts to file an EEOC charge on

26 | January 26, 2010.  (ECF No. 2-1, ¶ 18.)  Plaintiff was notified that she would be terminated on

27 | July 6, 2010.  (ECF No. 2-1, ¶ 19.)  On July 7, 2010, Plaintiff filed a second EEOC charge against

28 | HP, alleging her termination was a result of race discrimination and retaliation against her for

1    reporting such conduct.  (Defs.' Undisputed Material Facts ("UMF"), ECF No. 22-2, ¶ 48.)

2    Clearly, Plaintiff had sufficient facts to determine that a cause of action against Defendants may

3    have existed.  In addition, all of these actions took place prior to Plaintiff's filing for bankruptcy

4    on September 23, 2011.  (UMF, ECF No. 22-2, ¶ 53.)

5          Moreover, Plaintiff's assertion that she "assigned no value to the claim" is disingenuous.

6    Plaintiff's attorney submitted a letter to Defendants on February 16, 2012, a month before

7    Plaintiff's bankruptcy claim was resolved, alleging a cause of action and outlining "demands."

8    (UMF, ECF No. 22-2, ¶ 62.)  A subsequent letter from Plaintiff's attorney on June 25, 2012

9    indicates that Plaintiff and her counsel estimated the value of her claim to be $890,000.  (UMF,

10   ECF No. 22-2, ¶ 63.)  Clearly, Plaintiff felt that her claims held some value.  *Yoshimoto v.

11   O'Reilly Auto., Inc.*, 2011 WL 2197697, at *6 (N.D. Cal. June 6, 2011) (applying judicial

12   estoppel due to plaintiff's failure to disclose claims in bankruptcy filing and finding that retaining

13   a lawyer who sought $2.6 million was evidence that plaintiff knew of the claims' value).

14         Finally, the fact that Plaintiff did not formally file claims against Defendants until after

15   her debt was discharged is irrelevant to this analysis.  Courts have been clear that the date the

16   claims have accrued for the purpose of judicial estoppel is irrelevant to the date the claims are

17   filed in court.  *See, e.g.*, *Hamilton*, 270 F.3d at 784 (finding judicial estoppel applied where

18   plaintiff had sent letters to defendant notifying of potential claims, but did not file against

19   defendant until one year after filing for bankruptcy); *Ceja-Corona*, 2014 WL 1679410, at *9

20   (applying judicial estoppel against plaintiff's disability discrimination claims where plaintiff did

21   not file EEOC complaints until more than one year after her bankruptcy filing);  *Banuelos v.

22   Waste Connections, Inc.*, 2013 WL 398859, at *3–4 (finding that plaintiff's claim was estopped

23   where the claim accrued just one month before the bankruptcy proceeding was terminated and the

24   action was not filed in court until after the proceeding terminated).

25         Plaintiff had an obligation to disclose these claims in her bankruptcy filing.  Her failure to

26   do so makes her attempt to bring these claims in the instant action inconsistent with her

27   bankruptcy action.

28

### B.   The Court was "Misled" in Bankruptcy Proceedings

A court is misled where it relies on Plaintiff's inconsistent representations in making its decision.  *Hamilton*, 270 F.3d at 778.  The bankruptcy court reached a final decision in this case, discharging Plaintiff's debt under Chapter 7 on March 14, 2012.  (UMF, ECF No. 22-2, ¶ 57.)  Therefore, Plaintiff's bankruptcy filing, which did not disclose the instant claims, was successful.  The Ninth Circuit has held that "a discharge of debt by a bankruptcy court … is sufficient acceptance to provide a basis for judicial estoppel."  *Hamilton*, 270 F.3d at 784.

### C.   Allowing Plaintiff's Claim Provides an Unfair Advantage

It is clear that permitting Plaintiff to proceed with her claims provides her with an unfair advantage.  Plaintiff argues that applying judicial estoppel would simply reward the "bad actors," the Defendants, by relieving them of the responsibility to justify their alleged discrimination.  (ECF No. 25 at ¶ 12–13.)  While Plaintiff's point is well taken, it is simply not supported by the law.  Plaintiff's failure to list her claims against Defendants in her bankruptcy filing deceived the bankruptcy court and Plaintiff's creditors, who relied on her statements of debt.  *Hamilton*, 270 F.3d at 785.  "The interests of creditors and the Bankruptcy Court are impaired when an incomplete disclosure is made.  If this case were to proceed, it would reward the failure to fully disclose assets.  Such a result would be improper and unfair."  *Banuelos*, 2013 WL 398859, at *3–4.

### D.   Plaintiff's Failure to Disclose was Not Mistaken

Plaintiff's primary opposition to judicial estoppel is that Plaintiff's failure to disclose these claims in her bankruptcy filing was inadvertent and mistaken.  (ECF No. 25 at 11–13.)  Plaintiff argues that it is inappropriate for a court to apply judicial estoppel where the party's position is based on inadvertence or mistake.  (ECF No. 25 at 11 (citing *New Hampshire*, 532 U.S. at 753).)  Plaintiff's argument is misplaced for two reasons.

First, the Ninth Circuit has not recognized inadvertence or mistake as an exception to judicial estoppel in this context.  *Yoshimoto*, 2011 WL 2197697, at *6 (citing *Hamilton*, 279 F.3d at 783).  Even if inadvertence or mistake could provide an exception in this context, this district has indicated that "'debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only

6

1   when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive

2   for their concealment.'" *Id*. at *6 (quoting *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir.

3   1999)).  Plaintiff had intimate knowledge of the claims, as evidenced by the EEOC charges she

4   filed, and had a motive to conceal them so that creditors would not reach whatever benefit she

5   collected from those claims.

6          Plaintiff further argues that evidence of mistake should prevent judicial estoppel.  Plaintiff

7   cites to *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267 (9th Cir. 2013),

8   where a Ninth Circuit court reversed a district court's application of judicial estoppel on the

9   grounds that the district court failed to properly consider  mistake as an exception.  (ECF No. 25

10  at 11–12.)  Plaintiff's argument overlooks that the Ninth Circuit court in *Ah Quin* clearly limited

11  their analysis to the facts of that case.  In *Ah Quin*, the district court refused to accept plaintiff's

12  assertion that his omissions in his bankruptcy filing were inadvertent despite the fact that plaintiff

13  reopened the bankruptcy proceedings and corrected the filing error.  *Ah Quin*, 733 F.3d at 267–

14  77.  The court held that a "key factor is that Plaintiff reopened her bankruptcy proceedings and

15  filed amended bankruptcy schedules that properly listed this claim as an asset." *Id*. at 272.

16  Plaintiff can make no such claim here.  Therefore, this Court finds insufficient evidence of

17  inadvertence or mistake.

18         Second, even if this Court found that Plaintiff's initial incorrect filing was inadvertent, her

19  failure to amend or reopen her filing to correct the errors prevents her from claiming mistake or

20  inadvertence.  "The debtor's duty to disclose potential claims as assets does not end when the

21  debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."

22  *Hamilton*, 270 F.3d at 785.  Certainly, at the point where Plaintiff retained counsel to

23  communicate with Defendants regarding these claims, Plaintiff should have recognized the need

24  to disclose the claims in her bankruptcy filing.  Her failure to do so indicates that her omission

25  was not mistaken or inadvertent.

26  ///

27  ///

28  ///

**IV.   CONCLUSION**

For the foregoing reasons, the Court DISMISSES Plaintiff's claims with prejudice.

IT IS SO ORDERED.

Dated:  January 21, 2015

Troy L. Nunley
United States District Judge

8